STATE v. ROSS.

1. SELF-DEFENSE.—Modification of request to charge as to right to use such force as is necessary to repel an assault by adding, provided the other elements of self-defense have been established to the satisfaction of the jury, *held,* not error.

2. IBID.—Request that ordinary doctrine of self-defense is only applicable where, from the character of the weapon used, the presumption of intending the natural consequences of his act, or positive testimony to that effect, the jury may conclude defendant intended to take life, *held,* to have been covered by general charge.

3. REHEARING refused.

Before PRINCE, J., Greenville, July, 1905.   Affirmed.

Indictment against Thos. E. Ross for murder of Thos Austin.   From sentence, defendant appeals.   So much of the charge as is pertinent to the questions raised here is as follows:

"Whether or not the defendant killed the deceased, as charged in this indictment, and whether or not he assaulted the deceased with a deadly weapon, are questions of fact for you.   My charge is, that if the defendant intentionally assaulted the deceased with a deadly instrument, an instrument calculated to produce death, and what I mean, intentionally assaulted the deceased with that, the law would imply malice, unless he has satisfied you from the greater weight of the testimony in this case that he was acting in self-defense.   You will remember that I told you, that every killing in malice, whether express or implied, is murder.   Now, gentlemen, if in your consideration of this case, you should entertain a reasonable doubt as to whether or not the defendant, in slaying the deceased, if he slew him, is guilty of murder, as I have defined it to you, then you will proceed in your consideration of the facts of the case with regard to the question as to whether or not he be guilty of manslaughter.   Manslaughter, as I have told you, is the unlawful killing of another without malice.   If you

were in a crowded court room like this, and should care-
lessly handle a deadly weapon, such as a pistol or gun, and
carelessly snap it, without regard for what might be the
consequences, and when the hammer falls upon the cap of
a cartridge and the gun or pistol goes off and kills some
one in the crowd, that would be manslaughter, if the jury
should believe your conduct on that occasion was reckless
and you were guilty of criminal negligence. That would,
however, be involuntary manslaughter, because in handling
the pistol carelessly, you didn't intend to shoot anybody.
If you would take the pistol and deliberately fire it into
that crowd, with no intention of killing any particular man,
but recklessly shot into that crowd and killed some one,
that would be murder; but manslaughter is either voluntary
or involuntary. Voluntary manslaughter is the killing of
a human being in sudden heat and passion upon a sufficient
legal provocation. Now, that means sudden heat and pas-
sion. This sudden heat and passion aroused upon a suffi-
cient legal provocation would reduce a killing, which would
otherwise be murder, from murder to manslaughter. Now,
in order to do this, the killing must have been the result
of the sudden heat and passion, and that sudden heat and
passion must have been aroused upon a sufficient legal
provocation. It is not every killing in sudden heat and
passion that would be manslaughter; unless it be aroused
upon a sufficient legal provocation, it would be murder, the
law would imply malice. For instance, I would curse you
and apply to you or members of your family, reflecting
upon either your or their character, epithets which would
be calculated to arouse to frenzy the ordinary man, and that
was all I did, use words and nothing else, and you slay me,
even if you would slay me in anger, in sudden heat and
passion, yet it would be murder, for words will not justify
an assault, much less a killing. It must be upon a sufficient
legal provocation, and the law does not recognize words
as provocation; it takes something more—it takes aggres-
sion to your person or property, or to the person or prop-

erty of one under your protection, such as a wife or child, or some other member of your family, your father or your mother. As counsel told you, if I were to meet you on the street and apply vile epithets to you, and at the same time tweak your nose or put my hands upon you in a rude manner, in such a way as to show·my contempt for your manhood, and you strike me dead, the law would not excuse you, but the law would say that it was manslaughter, because you did it upon a legal provocation; yet you resorted to more force than was necessary, and you did so because of your passion and not for the purpose of protecting your person. You could not make self-defense out of that, because you had used upon me a deadly instrument, one calculated to inflict death, and you had used it in heat and not in malice; but the law says it is manslaughter, not self-defense. It says it would be unlawful for you to kill me in that way, but it would not be murder. The law, in its tender compassion for the frailty of human nature, reduces that killing from murder to manslaughter. Counsel told you that every case of intentional killing or the intentional use upon another of a deadly instrument, does not necessarily mean murder. It will be a homicide; it may be an unlawful homicide, perhaps, or it may be manslaughter, or it may not even be that, it may be lawful, it may be used in self-defense. So if you decide this is not a case of murder, or that the State has failed to satisfy you beyond a reasonable doubt that this is a case of murder, and that the defendant is the guilty party, then you would inquire whether or not it is a case of voluntary manslaughter or involuntary; and if you should conclude that you are not satisfied beyond a reasonable doubt that the defendant is guilty of manslaughter, acquit him.

"As I have told you, there are only two cases of unlawful killing, either murder or manslaughter, and every unlawful killing belongs to one or the other of these classes; and it is unlawful unless it is either justifiable or excusable. You need not consider the case of justifiable homicide here; there are

no facts to which that law would be applicable here in this case. There are no facts to which you could apply the law of justifiable homicide. Then you will inquire if it is an excusable homicide, by way of self-defense. When one comes into Court and pleads self-defense, that he slew the deceased in the defense of his person, the burden of proving, of establishing, that plea is upon him; but he is not required to prove that with the same degree of certainty the State is required to prove its case. The State is bound to prove its case beyond every reasonable doubt; but the law requires of the defendant to establish his special plea by merely the greater weight of the evidence, the preponderance of the evidence, just as you would decide in a civil case. Now self-defense is a perfect defense, when it is worth anything at all. It is a God-given right, and it is a man-given right to use it. In order for a defendant to avail himself of that plea, he must satisfy the jury of four elements by entering that plea, and he must establish each of the elements by the greater weight of the evidence; and if he fails to satisfy the jury by the greater weight of the evidence on any one of them, the plea as to self-defense fails. Now, you will naturally inquire, what are these elements? In the first place, he must be without fault in bringing about the difficulty. The plea of self-defense is a plea of necessity. One kills in self-defense because it is necessary to kill. That does not mean absolutely necessary, but apparently necessary. He must be without fault in bringing about that necessity to kill, in bringing about the difficulty. If he has satisfied you as to that element by the greater weight of the evidence in the case, all of the evidence in the case—that is, by the greater weight of the evidence in the whole case—if he has satisfied you as to that element as to his being without fault in bringing on the difficulty, then one element which would entitle him to the plea of self-defense would be made out. That would not make good the plea, unless he goes further, and establishes the other three elements; and the next is, he must have believed himself in immediate danger of receiv-

ing death or serious · bodily harm at the hands of his antagonist, and that it was necessary for him to strike in order to save himself from this threatened danger. He must satisfy you by the preponderance of the proof in this case that he did so believe; and if he fails to do that, his plea would fail. You must be satisfied from the greater weight of the evidence that the defendant in this case, that the defendant did honestly believe himself in danger of receiving serious bodily harm or death at the hands of his antagonist, and that he believed it was necessary for him to strike in order to save himself from the threatened danger— that he did honestly believe that. If he has satisfied you on that, that goes to that extent in making out his plea; but that is not enough, because a coward may think it is necessary to strike when there is no danger, and a man of ordinary prudence and reason would not think it necessary to strike and would not have believed himself in danger. The law does not allow a man to come and simply believe himself in danger and take the life of another; but he must not only satisfy you by the preponderance of the evidence that he believed himself in danger, but he must satisfy you by the greater weight of the evidence that a man of ordinary courage and prudence, standing where he then stood and viewing the circumstances as he viewed the threatened danger, would have come to a like conclusion, would have thought himself in danger, and would have thought it was necessary to strike to save himself from serious bodily harm or death. While the law makes him temporary judge, so jealous it is of human life, it requires him, after he has acted upon his own judgment, to satisfy a jury of his country that a man of ordinary courage and firmness, reason and prudence, would have come to the same conclusion, if he had been circumstanced as he was then circumstanced. Now, if the defendant has satisfied you that he was not only without fault in bringing on the difficulty, but that he did actually and honestly believe himself in danger, and that it was necessary to save himself from serious bodily harm or

death, it was necessary to strike to save himself, and that a man of ordinary courage and firmness, reason and prudence, standing where he then stood, and being threatened as he was then threatened, would have come to a like conclusion, then he has made out three elements that would entitle him to his plea. But that is not enough still. So jealous. is the law of human life, and so exacting in its requirement of him who has taken human life, that it requires him to go yet a step further, and he must show that there was no other reasonably safe way of escape. Now, that is like judging from the appearances as to the necessity; that does not mean in this case absolutely safe way of escape, or that there was no other way of escape, but it means that there was apparently no other reasonably safe way of escape, and that to a man of ordinary courage, firmness, reason and prudence, would have so appeared.

"Now, he is not required to show that there was no other possible means of escape. All that he is required to do is to satisfy you by the greater weight of the evidence, if he has made good the other three elements, that there was no other reasonably safe way of escape apparent to him. and that it would not have been apparent to a man of ordinary courage, firmness, reason and prudence, just as in the case of making out one of the elements as to believing himself in danger of receiving serious bodily harm or death; so here the law, while it casts the point or question of deciding upon him, it requires him to satisfy a jury of his country, that a person of ordinary courage, reason, prudence and firmness, would have come to a like conclusion, that there was no other reasonably safe means of escape to him; and that to another person of ordinary reason, firmness, prudence and courage, situated as he was, circumstanced as he was then circumstanced, there would have been apparently no reasonably safe way of escape; because if there was a reasonably safe way of escape, or other ways, it would allow a coward to take counsel of his fears and act, when there was no necessity for acting. So, the law says you must act upon appear-

ances, and you must judge, but you must not judge rashly.
You must render judgment and act upon your own responsi-
bility, but you must be prepared to satisfy a jury of your
country, by the greater weight of the evidence, that a man
of ordinary firmness, courage and prudence would have
believed himself to have had no other means of escape.

"If the defendant has satisfied you on all four of the
elements by the greater weight of the testimony, he has
made good his plea of self-defense, and it would be your
duty to acquit him. This is an affirmative plea, and it is
the defendant's affirmative plea, and he is only required to
prove it, and each element of it, by the greater weight of the
evidence, by the preponderance of the evidence, just as we
would do in a civil case. Then, gentlemen, if the defendant
has made good his plea by the greater weight of the evidence,
has proven each element necessary to entitle him to it by
the greater weight of the evidence, by the preponderance of
the proof, then he has made good his plea, and it would be
your duty to acquit him, and you would write a verdict of
not guilty. * * *

"The defendant's counsel have requested me to charge
you the following:

" '1. If A, being without fault in bringing on the diffi-
culty, is assaulted by B, and, using only necessary force in
repelling the assault, accidentally kills B, the killing is excus-
able.' Well, gentlemen, that is, provided the other ele-
ments of self-defense have been established to the satisfac-
tion of the jury, that would be true. If A, being without
fault in bringing on the difficulty, is assaulted by B, and,
using only necessary force in repelling the assault, accident-
ally kills B, the killing is excusable. You see those words
are very wisely chosen, only using necessary force. If a
man uses more force than is necessary in repelling an assault,
more than would be justifiable—using more force than
would be necessary—he would be responsible if he kills a
man. In other words, you have a right to defend your
person from serious bodily harm or death, and from the

attack or assault of any one, but in doing so you must in some degree proportion the force used in your defense to the force used by the other party. You would not be justified in using excessive force in defending your person from some slight assault. So, with that understanding, as I understand the law I gave you, read in this request, it is perfectly correct. If he was without fault in bringing on the difficulty, and is assaulted by another, and he, using only necessary force in repelling the assault, accidentally kills his assailant, the killing is excusable, because that would be self-defense. I charge you that.

" '2. As a general rule, a person is not justified in using a deadly weapon to repel an attack with the naked hand. But even in such cases, if the person thus assailed reasonably apprehends death or great bodily harm, he may make use of such a weapon. Provided the other elements of self-defense, as I have explained to you, are present.' I charge you that; but I want you to notice it. When you read this very carefully, it sounds correct; but if you don't read it carefully, it doesn't sound right. At first glance, I didn't think that was a correct proposition of law. It is very carefully drawn. I want to call your attention to it. 'But even in such cases, if a person thus assailed reasonably apprehends death or great bodily harm, he may make use of such a weapon.' That is, if a man of ordinary prudence and reason, standing where he then stood, would have apprehended it, and that he did honestly apprehend it, and that his honest apprehensions were reasonable under the circumstances, then he would have the right to resort to any deadly weapon. Suppose a very stout man would strike a very helpless man, assault him with his fist, a muscular man assault a helpless man, an invalid, with his fist, that invalid would be justified in using a weapon which he would not be otherwise justified in using. Because, if he was not in a physical condition to defend himself with his fist, he may resort to the use of a weapon; but, in doing so, he must not do anything more than is necessary for his defense. When

I say that he must not do anything more than is necessary for his defense, I don't mean that he can put down a tape line or make a calculation that he is required to do that, and that he didn't use a fraction of an ounce more than was necessary. He must satisfy you that it would have appeared necessary to a man of ordinary prudence and firmness, placed where he was placed, to have done whatever he did. That law is correct, and the request as formulated is correct, with the proviso added in. I am not going to charge you the third request, and I will not read it to you.

"If you find the defendant guilty of murder, and don't see your way clear to recommend him to the mercy of the Court, write your verdict guilty and sign your name as foreman, and that means guilty of murder. If you find him guilty of murder, and for any reason think he should be recommended to the mercy of the Court, do so, and write your verdict guilty with recommendation to the mercy of the Court. If you do not find him guilty of murder, you would next inquire whether or not he is guilty of manslaughter; and if you should so conclude—conclude that it was an unlawful kiling without malice, and that it is, therefore, manslaughter—you would write a verdict, guilty of manslaughter; and in that case, if you see fit, you can recommend the defendant to the mercy of the Court; and if you find him not guilty, say not guilty."

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: 21 Ency., 104; 24 Am. St. R., 844; 1 Penn., 319; 40 S. C., 345; Hinch., Case I. Lew. (C. C.), 161; Kerr Hom., sec. 198; 37 So., 228.

*Solicitor J. E. Boggs,* contra, filed no argument.

The opinion in this case was handed down July 6, 1906, but on petition for rehearing, remittitur stayed until

December 18, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant, Thomas E. Ross, was indicted for the murder of Thomas Austin, no the 2d of April, 1905. He was tried at the special term of Court of General Sessions of Greenville, 1905. The verdict of the jury was, "Guilty of manslaughter, with a recommendation to mercy," and the defendant was duly sentenced to imprisonment for two years in the State penitentiary. From this judgment he now appeals. The following is a brief summary of the testimnoy at the trial:

The defendant, Thos. E. Ross, and the deceased, Thos. Austin, among others, were lying on a pile of saw-dust in a stable of one Tanner, conversing. Austin finally sat on top of Ross, and said, "Get up, frog," and then rubbed his face with saw-dust. One of the parties present said, "Tanner, look here, had you not better stop that?"—thereupon Tanner pulled the said Austin off of the said Ross; Austin then saying, "I'm going to whip him," advancing toward the said Ross; but Tanner got in between the two men and pushed the said Austin back. Austin was without any weapon whatever, and had only used his fists against Ross. While Austin was trying to get to Ross, being separated from him by Tanner, Ross seized a rake, the handle of which was six feet in length, and, striking across Tanner, struck Austin a blow on the head, from which Austin fell and never recovered, dying in a short while afterwards. In the trial those facts appeared in evidence, the defendant offering no testimony of himself or any witnesses. The Circuit Judge made the charge to the jury, herewith reported.

The following requests to charge were made by the defendant:

"1. If A, being without fault in bringing on the difficulty, is assaulted by B, and, using only necessary force in repelling the assault, accidentally kills B, the killing is excusable. 1 Bishop, sec. 801.

"2. As a general rule, a person is not justified in using a deadly weapon to repel an attack with the naked hand. But even in such cases, if the person thus assailed reasonably

apprehends death or great bodily harm, he may make use of such a weapon; provided the other elements of self-defense as I have explained to you are present. 25 A. & E. Enc. L., 264.

"3. The ordinary requirement to sustain the plea of self-defense, that the defendant must make it appear that it was necessary to take the life of the deceased in order to protect his own life or to protect his person from serious bodily harm, cannot be insisted upon by the State, except in cases where from the character of the weapon used, the presumption of intending the natural consequences of his act, or positive testimony to that effect, the jury may conclude that the defendant intended to take the life of the deceased."

The grounds of appeal are as follows:

"The presiding Judge erred in modifying the defendant's first request to charge, which was as follows: 'If A, being without fault in bringing on the difficulty, is assaulted by B, and, using only necessary force in repelling the assault, accidently kills B, the killing is excusable.' Modification was as follows: 'Provided, the other elements of self-defense have been established to the satisfaction of the jury, that would be true.'

"Specifications: The request did not purport to present the law of self-defense; a man has a right to repel any assault, whether he believes himself in danger of death or serious bodily harm or ont. The request was intended to present the law that if a man is assaulted by another, he himself being without fault in bringing on the difficulty, has a right to repel such assault, using such force as is reasonably necessary, and if in so doing he accidentally kills his assailant, he is excusable; irrespective of that element of self-defense, which he ordinarily must establish to make the plea good, that he thought he was in danger of death or serious bodily harm, and that a reasonably prudent person, situated as he was, would have so thought.

"II. The presiding Judge erred in refusing the defendant's third request to charge, which was as follows: 'The

ordinary requirement to sustain the plea of self-defense, that the defendant must make it appear that it was necessary to take the life of the deceased in order to protect his own life or to protect his person from serious bodily harm, cannot be insisted upon by the State, except in cases where from the character of the weapon used, the presumption of intending the natural consequences of his act, or positive testimony to that effect, the jury may conclude that the defendant intended to take the life of the deceased.'

"Specification: The same presented a correct proposition of law applicable to the case, and should have been charged."

It seems to us, in disposing of these grounds of appeal, that the charge of the Circuit Judge covers the same most thoroughly.

It is true, that in disposing of them in his charge, the Circuit Judge is very thorough, and while not adopting the requests to charge as outlined by the defendant, he has substantially disposed of every feature thereof. It is sometimes necessary, in order that a jury may thoroughly comprehend the law governing the trial of a cause, that the Circuit Judge take up the law systematically and logically.

We think the Circuit Judge has done this in the present case. That in so doing he has violated no law of this State. The defendant could and should only claim that his propositions of law as submitted should be passed upon by the Circuit Judge. The order in which the same shall be done must be left to the wise discretion of the Circuit Judge, who is responsible to the people of the State, including the defendant, that our crimnal law shall be upheld.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be and the same is hereby affirmed.

MESSRS. JUSTICES GARY, JONES *and* WOODS *concur in the result.*

December 18, 1906. PER CURIAM. No question of law or fact which would affect the conclusion of the Court was overlooked in the opinion. It was erroneously and inadvertently stated in the opinion that the defendant struck Austin in the face with his fist, and this error has been corrected by order of the Court. The petition is dismissed, and the order staying the remittitur revoked.